Dear Mr. Gravolet:
You are requesting an Opinion from this Office regarding the appropriate interpretation of La.R.S. 18:423 particularly with respect to whether the chairman of a party's democratic executive committee can designate another member of said committee to attend, in his place, a meeting of the parish board of election supervisors when the chairman is unable to attend a particular meeting.
Specifically, you reference two Opinions from this Office, Opinion 91-234 and Opinion 94-322, which you assert "arrive at diametrically opposite answers to the same question." You are requesting that this Office consider the issue once again and issue a new Opinion clarifying the matter in order to resolve the conflict between the two extant Opinions.
Your concern arises out of your inability to attend "a meeting" of your Parish Board of Elections Supervisors. You attempted to "designate a fellow member of the Plaquemines Parish Democratic Executive Committee," to attend the meeting in your stead. That "designee" was "challenged by the board members as unauthorized" and was not allowed to participate in the meeting.
R.S. 18:423(C)(1) provides for the membership of the parish board of election supervisors. The membership includes the chairman of the parish executive committee of each recognized political parties or his designee who shall be a member of the parishexecutive committee of the same recognized political party.
Opinion 91-234 answered the question "whether or not R.S.18:423(C)(1) provides for a one time appointment.
The opinion referenced Article 10 of the Louisiana Civil Code which states:
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
 The opinion concluded that "[i]t is customary in this state for officials to be represented by designees due to the numerous boards and commissions that such officials serve on as members," therefore, "the appointment of a designee for the chairman of the parish executive committee is not a one time appointment. The chairman shall serve on the board of election supervisors and shall be able to appoint a designee in his absence from meetings."
Your designee was a "member of the parish executive committee of the same recognized political party" as required by R.S.18:423(C)(1). Since this "designation" was only for this meeting, it cannot be construed as a "one time appointment" that must endure the entire term that you are on the board.
The chairman of the parish executive committee is not appointed to the board for a specific term. The person elected or named chair of the respective parish executive committees remains on the board of election supervisors unless or until someone else is elected or named to that position. The purpose of this law was not to force a chairman to name one designee to last the duration of the chairman's indefinite time on the board.
This Office is recalling Opinion 94-322 and allowing Opinion 91-234 to be controlling on this issue.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 WILLIAM P. BRYAN, III Assistant Attorney General
CCF, Jr./WPB, III/sfj